### IN THE

# SUPREME COURT

### OF THE

# STATE OF LOUISIANA.

EASTERN DISTRICT, DECEMBER TERM, 1827.

## FORD vs. MILES.

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. This action is brought on a promissory note, by which the defendant bound himself jointly and severally with a co-obligor, to pay to the plaintiff, as guardian of the heirs of Benjamin Carman, deceased, the sum of $946 with interest at ten per cent. from the 1st. of March, 1820, until paid.

The answer denies that the plaintiff is guardian of the heirs of Carman, and avers that the obligation sued on was given without any con-

*If the defendant, who has obtained a new trial, waves it, and consents that judgment should be signed on the first verdict, and the record should consist of the evidence given on the first trial, he is not thereby precluded from his appeal.*

*A creditor may recover from the surety, although the former told the latter, the debtor was good, and no injury would result to the surety.*

VOL. VI. N. S.      48

sideration, and upon the false and deceitful representations made by the petitioner to the defendant.

The cause was submitted to a jury in the court below, who found for the plaintiff, and a new trial was prayed for, and granted. The defendant, however, declined a second examination of the case in the court below. On his motion, the jury empannelled to try it, were prevented from rendering a verdict, a juror was withdrawn, and the plaintiff consenting, it was agreed that judgment should be signed on the former verdict, and that the record should consist of the evidence on which the first jury passed.

It has been contended that this consent of the defendant, to suffer judgment to be signed, precludes him from complaining of the correctness or legality of it.

But we think differently. It is clearly not a confession of judgment, but an agreement that judgment should be entered on the verdict. The provision made in the agreement for preserving the evidence on which the case was tried, marks very plainly, the manner in which it was understood by the parties at the time it was made. It can scarcely be doubted that

Western Dis.
October,1827.

FORD
vs.
MILES.

their intention was to cease contesting the cause in the court below, and put it in such a shape that it could be passed on here.

A good deal has been said on the merits. The plaintiff put interrogatories to the defendant which were answered by an admission of the signature of the note, coupled, however, with the declaration that the plaintiff told him that his signature was a mere matter of formality, and that if he signed it he should not be injured. In addition to this answer, the defendant introduced witnesses to corroborate it. One of them testifies merely to the conversation he had with the plaintiff when asked by him to become security, and that conversation was in itself immaterial. The other deposes, that he heard the plaintiff ask the defendant to sign the note, and that on making the request, he observed that the principal, E. Ford, was worth the money, that there could be no difficulty in becoming his surety, and that the defendant would not be injured in the least.

The testimony introduced by the plaintiff establishes that the defendant had declared that he had become his uncle's security, and that when he made that declaration, he did not state that he was not to be injured, or make

FORD
*vs.*
MILES.

any observation to qualify or limit the responsibility he had incurred by his signature.

The answer of the defendant must be taken with the evidence which he himself introduced to corroborate and explain it. So considered, the impressions produced on our minds (as it appears to have been on those of the jury below) is, that the defendant was told he would sustain no injury, because the principal was solvent. There is no proof this statement was false at the time it was made, or that the defendant was not as well acquainted with the pecuniary circumstances of his uncle, as the plaintiff, and though this opinion may have turned out to be erroneous, we do not think it sufficient to avoid the contract.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Hoffman* for the plaintiff, *Ripley & Hennen* for the defendant.